```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

JANE COOK                                    CIVIL ACTION

VERSUS                                       NO: 13-6324

NEW ORLEANS POLICE DEPARTMENT, ET            SECTION: R
AL.
```

### ORDER AND REASONS

Defendant, the New Orleans Police Department ("NOPD"), has filed a motion to dismiss plaintiff Jane Cook's claims against the NOPD, arguing that it is not an entity capable of being sued. The motion is unopposed. Because the NOPD is not a juridical entity capable of being sued, the Court GRANTS defendant's motion and dismisses plaintiff's claims against the NOPD with prejudice.

**I.   LEGAL STANDARD**

To survive a Rule 12 (b) (6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the

plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## II.  DISCUSSION

Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located." In Louisiana, an entity must qualify as a "juridical person" to possess the capacity to sue and be sued. *Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743 (La. Ct. App. 2000). Article 24 of the Louisiana Civil Code defines a "juridical person" as an "entity to which the law attributes personality." There is no law that attributes

personality to the NOPD, and courts in this District consistently have held that the NOPD lacks juridical capacity. *See, e.g.*, *Winn v. New Orleans City*, 919 F. Supp. 2d 743, 750 (E.D. La. 2013); *Everson v. N.O.P.D. Officers (Names Unknown)*, CIV.A. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); *Banks v. United States*, CIV.A. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); *Manley v. Louisiana*, CIV.A. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001). Accordingly, plaintiff fails to state a claim against the NOPD.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the NOPD's motion and dismisses plaintiff's claims against the NOPD with prejudice.

New Orleans, Louisiana, this 1st day of May, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE